McKinney, J.,
delivered the opinion of the Court.
This suit was commenced on the 24th December, 1855, *76 by the plaintiff against the defendant, upon a note under seal, purporting to have been jointly executed by one Banister Smith and the defendant on the 4th February, 1842, and due on the 1st September of the same year, payable to the nominal plaintiff, Joseph England, for the sum of fifty-five dollars.
The defence is, that the defendant McKamey was only the surety of Smith in said note, and that on the 18th May, 1846, he had caused a written notice to be served on England, pursuant to the act of 1801, ch. 18, § 1, requiring him to put said note in suit, and that he had neglected to do so. The suit is against McKamey alone. Verdict and judgment for the defendant, and an appeal in error by the plaintiff.
The point of error is, a defect in the proof. The fact of the notice to England, as alleged on behalf of the defendant, was admitted on the trial; but it is expressly proved that, some time before the notice was given to England, the payee, he had transferred and delivered the same to Summers, the plaintiff in interest in this case. This fact is not contradicted or opposed by any evidence in the record before us.
Upon this state of the proof, the judgment is manifestly erroneous.
The notice required by the statute must be given to the person who, at the time of such notice, is the holder of the instrument. Upon any other construction, the statute would be senseless and absurd.
It is clear, therefore, that the notice to England, after the interest in the note had been transferred to another, was simply a nullity.
It may be remarked, in addition, that the evidence, *77 as presented in the record, as to the fact of defendant’s suretyship for Smith, is, to say no more, extremely imperfect and unsatisfactory.
The defence relied upon in this case must, to he availing, he clearly established hy the proof; and the onus is upon the party setting it up.
In the present case, the verdict is not only without evidence to support it, but it is directly in opposition to the evidence, and the judgment is contrary to the law of the case.
Judgment reversed, and the case remanded for a new trial.